**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**Sprout Studios, LLC**,

    *Plaintiff*,

    vs.

**Stelle, LLC**,

    *Defendant*.

C.A. No. 1:15-cv-14199

**Jury Trial Requested**

### Complaint

Sprout Studios, LLC (hereinafter, "Plaintiff" or "Sprout"), through its attorneys, Combies Hanson, alleges the following against Stelle, LLC (hereinafter, "Defendant" or "Stelle"):

### Introduction

1.    Sprout's Complaint is a breach of contract claim arising out of a June 24, 2014 contract for services known as the Stelle Retainer. Sprout – under the terms and conditions of the Stelle Retainer – was to perform 3,000 hours of design services to Stelle in exchange for $240,000.00, to be paid in monthly increments of $20,000.00. Since the inception of the Stelle Retainer, Sprout performed 2,877 hours of service. Stelle however only reimbursed Sprout in the amount of $125,000.00.

### Jurisdiction and Venue

2.    Jurisdiction of this court arises pursuant to 28 U.S.C. § 1332(a)(1), which states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

3. Venue is proper pursuant to 28 U.S.C. 1391(b)(2), which states that "A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ."

**Parties**

4. Plaintiff is a limited liability company organized under the laws of the Commonwealth of Massachusetts.

5. Defendant is a limited liability company organized under the laws of the State of California.

**Factual Allegations**

6. On June 25, 2014, Sprout and Stelle entered into the Stelle Retainer.

7. Pursuant to the Stelle Retainer, Stelle engaged Sprout to perform certain design creative and consulting services related to a broad range of projects, including but not limited to the design of Stelle's brand, graphics, products, packaging, merchandisers, tradeshow booths, in-store displays, creative direction, art direction, photography, sale collateral and overall design strategy.

8. Sprout was to perform 3,000 hours of service to Stelle in exchange for $240,000.00. Stelle was to make payment to Sprout in the amount of $20,000.00 per month for one year.

9. After signing the Stelle Retainer, Sprout began work immediately and in earnest – turning down other client opportunities, hiring additional full time staff and doubling its typical output for the first two months of the contract to meet Stelle's needs.

10. Stelle made full, monthly payments in the amount of $20,000.00 up to including December 2014. The total amount paid by Stelle to Sprout during this period was $120,000.00.

11.     Stelle made no further full, monthly payments to Sprout after December 22, 2014.

12.     Despite Stelle ceasing payments, Sprout continued to do work for Stelle and continued to seek the balance of the amounts due and owing Sprout under the Stelle Retainer.

13.     In November 2015, Stelle made a partial payment to Sprout in the amount of $5,000.00.

14.     At or about the same time, Stelle and Sprout reached an agreement whereby Stelle agreed to make payment to Sprout in the amount of $10,000.00 on the 15th of each consecutive month thereafter until the balance due and owing was paid to Sprout in full (the "November Agreement").

15.     The first $10,000.00 payment was to be paid to Sprout on December 15, 2015. Stelle failed to make payment and has not made any further payments up to the date of this filing.

## Count I
### (Breach of Contract)

16.     Plaintiff incorporates paragraphs 1 through 15 as if fully set forth and alleged herein.

17.     On June 25, 2014, Plaintiff and Defendant entered into the Stelle Retainer.

18.     Plaintiff provided Defendant significant services pursuant to the Stelle Retainer.

19.     Despite receiving significant services from Plaintiff, Defendant ceased making regular payments to Plaintiff and therefore breached the Stelle Retainer.

20.     As a direct and proximate result of Defendant's breach of the Stelle Retainer, Plaintiff suffered and is entitled to recover direct and consequential damages in the amount of $115,000.00, plus interest, costs and attorney fees.

## Count II
## (Breach of Contract)

21. Plaintiff incorporates paragraphs 1 through 20 as if fully set forth and alleged herein.

22. Plaintiff and Defendant entered into the November Agreement whereby Defendant agreed to make payment to Plaintiff in the amount of $10,000.00 on the 15th of each consecutive month thereafter until the balance due and owing Plaintiff was paid by Defendant in full.

23. Defendant made only one partial payment under the November Agreement.

24. As a direct and proximate result of Defendant's breach of the November Agreement, Plaintiff suffered and is entitled to recover direct and consequential damages in the amount of $115,000.00, plus interest, costs and attorney fees.

**WHEREFORE**, Plaintiff requests this honorable Court find in favor of Plaintiff as to Count I of this complaint and to award Plaintiff $115,000.00, plus interest, costs and attorney fees.

Respectfully submitted,
SPROUT STUDIOS LLC,
By its attorneys,

**COMBIES HANSON**

By:   /s  Adam J. Combies
Adam J. Combies, #667150
Matthew C. Hanson, #672764
COMBIES HANSON
137 Lewis Wharf
Boston, MA 02110
Phone:  617.556.9964
Fax:  617.556.9965
acombies@combieshanson.com